BROWN GAVALAS & FROMM LLP
Attorneys for Plaintiff
JALAPA SHIPPING LIMITED
355 Lexington Avenue
New York, New York 10017
212-983-8500

**07 CIV 8715**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JALAPA SHIPPING LIMITED,

          Plaintiffs,

  -against-

SUNDERSONS LTD., MILAN NIGERIA LTD.,
SIMRAN MEHER LTD. and VALECHHA
HOLDINGS LIMITED,

          Defendants.
------------------------------------------------------------X

07 Civ

**VERIFIED COMPLAINT**

    Plaintiff, JALAPA SHIPPING LIMITED, by its attorneys, Brown Gavalas & Fromm LLP, as and for its Verified Complaint against Defendants, SUNDERSONS LTD. ("Sundersons"), MILAN NIGERIA LTD. ("Milan Nigeria"), SIMRAN MEHER LTD. ("Simran Meher") and VALECHHA HOLDINGS LIMITED ("Valechha Holdings") (hereinafter the "Defendants"), allege upon information and belief as follows:

    1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has jurisdiction under 28 U.S.C. § 1333.

    2. At all material times, plaintiff, Jalapa Shipping Limited was, and now is, a foreign corporation with an office and place of business at Charleston, Nevis, Federation of Saint Kitts and Nevis and, at all relevant times, was the registered owner of the motor vessel LION PRINCESS ("the Vessel")

3. Upon information and belief, at all material times, defendant, Sundersons, was and now is a foreign corporation with an office and place of business at 52A Kofo Abayomi Street, Victoria Island, Lagos, Nigeria.

4. Upon information and belief, at all material times, defendant, Milan Nigeria, was and now is a foreign corporation with an office and place of business at 52A Kofo Abayomi Street, Victoria Island, Lagos, Nigeria.

5. Upon information and belief, at all material times, defendant, Simran Meher was and now is a foreign corporation with an office and place of business at 52A Kofo Abayomi Street, Victoria Island, Lagos, Nigeria.

6. Upon information and belief, at all material times, defendant, Valechha Holdings, was and now is a foreign corporation with an office and place of business at 52A Kofo Abayomi Street, Victoria Island, Lagos, Nigeria.

7. On or about November 13, 2005, a charter party agreement was entered into by and between plaintiff and defendant, Sundersons, whereby plaintiff agreed to let, and Sundersons, as charterer, agreed to hire the Vessel for a voyage, under certain terms and conditions, from Kandla, India to Lagos and Port Harcourt, Nigeria ("Charter Agreement"). On or about November 26, 2005, plaintiff issued 10 bills of lading, Nos. KDL/LP-01 to KDL/LP-10, with respect to cargo transported aboard the Vessel. A copy of the Charter Agreement is attached hereto as Exhibit "A."

8. At all relevant times, defendant Milan was the receiver and/or consignee of the cargo evidenced by said bills of lading. The said bills of lading incorporated all of the terms of the Charter Agreement, including the arbitration clause therein and are therefore subject to the same arbitration clause.

9. Box 25 and Clause 19 of the Charter Agreement contain a London arbitration clause which provides, in part, as follows:

> "This Charter Party shall be governed by and construed in accordance with English law and any dispute arising out of this Charter Party shall be referred to arbitration in London in accordance with the Arbitration Acts 1950 and 1979 or any statutory modification or re-enactment thereof for the time being in force."

10. The Vessel arrived at the first discharge port, Lagos, Nigeria on or about January 2, 2006, and discharged its cargo of long-grain parboiled rice on or about February 1, 2006.

**11. At Lagos, the Defendants claimed damage to the cargo discharged at Lagos, and prevented the departure of the Vessel by blocking the necessary clearances. In addition, defendants made several threats to arrest the Vessel. With the Vessel now prevented from departing and with repeated threats of judicial arrest of the Vessel, Defendants demanded payment of $80,000 on grounds of alleged cargo shortage, despite the fact that Defendants knew or should have known that any shortages to cargo were due to the negligence or incompetence of local discharging stevedores, for which Plaintiff bears no responsibility whatsoever.**

12. Plaintiff made various offers to obtain a release of the Vessel pending adjudication, on the merits of the alleged cargo claim, including an offer to post a guarantee letter from Plaintiffs' insurer. Such guarantee letters are routinely offered and accepted in international shipping transactions and are considered good and acceptable security for claims.

13. Despite Plaintiff's repeated and reasonable efforts, Defendants refused to accept security in substitution of the continued detention of the Vessel and demanded resolution of the parties' dispute in Nigeria, in breach of the Defendants' obligation to submit all disputes between the parties to arbitration in London.

14. With the Vessel wrongfully detained in Lagos, and with Defendants continuing to

threaten the arrest of the Vessel in further breach of the binding London arbitration and refusing to release the Vessel in substitution for comparable security, Plaintiff was compelled to reach a settlement in the amount of $49,000

15. Plaintiff's payment of $49,000 to Defendants was made under both economic and physical duress, and was procured due to Defendants' breach of the Charter Agreement in detaining the Vessel in Nigeria and seeking to compel Plaintiff to forego its rights under the Charter Agreement and applicable law.

16. Defendants' attempt to pursue their claims against Plaintiff outside London, and their attempts to compel Plaintiff to agree to Nigerian jurisdiction or to pay the alleged claim, constitute a breach of contract, economic duress and oppressive and/or vexatious and/or bad faith conduct because:

   a. the Plaintiff and its insurers have offered to secure Defendants' alleged claims with plaintiff's insurer's a guarantee letter with English law and arbitration; and

   b. the sole purpose of the threats to arrest the Vessel and the Defendants' refusal to accept comparable substitute security was intended to compel and coerce Plaintiff, under extreme economic duress, to agree to Nigerian jurisdiction and law or into paying Defendants' claim by way of settlement.

17. Plaintiff has incurred costs and losses as a result of the detention of the Vessel and the breaches of the Charter Agreement on the part of Defendants, their servants and agents, including load port and discharge port demurrage, detention charges, bunkers consumed during the detention period, daily running expenses and earning losses, in the principal amount of $251,125.78, as best as can be determined at the present time.

18. On information and belief, the Defendants, including defendant Valechha Holdings,

are all affiliated entities operating under the name "Milan Group" and, at all relevant times held, and continue to hold, themselves out to the world as being members of the "Milan Group," an international trading group based in Lagos, Nigeria.

19. On information and belief, all the members of the "Milan Group," including the Defendants herein, share officers, directors and personnel, as well as common offices and addresses in, among other places, Lagos, Nigeria.

20. Upon information and belief, the said members of the Milan Group, including Defendants herein, transact business as the "Milan Group," and not individually, and said members are jointly and severally liable for the obligation of each other member of the Milan Group, including Sundersons' obligations under the Charter Agreement.

21. Upon information and belief, the said members of the Milan Group, including Defendants herein, are guarantors of the obligations of each individual member of the Milan Group, including Sundersons' obligations under the Charter Agreement.

22. Upon information and belief, defendant Valechha Holdings exercises such complete domination and control over defendants Sundersons, Milan Nigeria and Simran Meher, and/or disregarded Sundersons's, Milan Nigeria's and Simran Meher 's corporate form, and/or conducted the business and operations of Sundersons, Milan Nigeria and Simran Meher as if the same were Valechha Holdings's own, that adherence to the fiction of the separate existence of the Defendants as entities distinct from one another and/or the separate existence of defendants Sundersons, Milan Nigeria and Simran Meher, as distinct from Defendant Valechha Holdings, would permit an abuse of the corporate privilege and would sanction fraud and promote injustice.

23. Upon information and belief, there exists, and at all times herein mentioned there

existed, a unity of interest and ownership between and amongst Defendants, such that any individuality and separateness between said Defendants have ceased, and Defendants, and each of them, are the alter egos of each other.

24. In accordance with a binding arbitration clause in the Charter Agreement and in the bills of lading, Plaintiffs will commence arbitration proceedings in London, England.

25. This action is in aid of said arbitration proceedings, as aforesaid, in accordance with 9 U.S.C. § 8. Plaintiffs seek to obtain adequate security to satisfy a potential London arbitration award in Plaintiffs' favor.

26. Plaintiffs sue on their own behalf, and as agents and trustees on behalf of any other persons or parties who may now have, or hereinafter acquire, an interest in this action.

27. Insofar as legal costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration proceedings, Plaintiffs also seek to secure claims for interest and anticipated legal costs and attorneys fees. As best as can now be estimated, Plaintiffs expect to recover the following amounts in the London arbitration:

| | | |
|---|---|---|
| a. | On the principal claim | $251,125.78 |
| b. | Interest at 6% per annum, compounded quarterly for 3 years | $49,124.77 |
| c. | Costs (arbitrators' fees, attorneys' fees, etc.) | $100,000 |
| | TOTAL | $400,250.55 |

28. Upon information and belief, Defendants cannot be found within the District, within the meaning of Supplemental Rule B of the Federal Rules Civil Procedure, but are believed to have or will have during the pendency of this action assets within this District, specifically including cash, funds, freight, hire, accounts and other property, in the hands of garnishees in the

District including but not limited to American Express Bank, Ltd.; ABN-AMRO Bank; Standard Chartered PLC; HSBC Bank; Bank of America; BNP New York; Bank of New York; J.P. Morgan Chase; Deutsche Bank; Citibank; Mashreq Bank; Bank of China and Wachovia Bank which are believed to be due and owing to the Defendants.

WHEREFORE Plaintiffs pray:

A. That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Second Amended Verified Complaint;

B. That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of the Court to issue Process of Attachment and Garnishment, pursuant to Rule B of the Supplemental Admiralty Rules and the United States Arbitration Act, 9 U.S.C §§ 1 and 8, attaching all cash, goods, chattels, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee, including American Express Bank, Ltd.; ABN-AMRO Bank; Standard Chartered PLC; HSBC Bank; Bank of America; BNP New York; Bank of New York; J.P. Morgan Chase; Deutsche Bank; Citibank; Mashreq Bank; Bank of China and Wachovia Bank, which are due and owing to the Defendants, in the amount of $400,250.55, to secure the Plaintiffs' claim, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged;

C. That this action be stayed and this Court retain jurisdiction over this matter through the entry of any judgment or award, and any appeals thereof; and

D. That Plaintiffs have such other, further and different relief as this Court may deem just and proper.

Dated: New York, New York
October 9, 2007

                    BROWN GAVALAS & FROMM LLP
                    Attorneys for Plaintiff
                    JALAPA SHIPPING LIMITED

By: _____
     Peter Skoufalos (PS-0105)
     355 Lexington Avenue
     New York, New York 10017
     212-983-8500

## VERIFICATION

STATE OF NEW YORK     )
                      : ss.:
COUNTY OF NEW YORK    )

PETER SKOUFALOS, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Brown Gavalas & Fromm LLP, attorneys for Plaintiff.

2. I have read the foregoing Verified Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

_____
PETER SKOUFALOS

Sworn to before me this
9th day of October, 2007

_____
Notary Public

DONALD P. BLYDENBURGH
Notary Public, State of New York
No. 01BL6065999
Qualified in Suffolk County
Term Expires March 16, 20 10

9