UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JALAPA SHIPPING LIMITED,

                                Plaintiff,

        -against-                         07 Civ. 08715

                                              **<u>MEMORANDUM OPINION</u>**
                                                  **<u>AND ORDER</u>**

SUNDERSONS LTD. ET AL,

                                Defendants.

---

Richard J. Holwell, District Judge:

       This Court granted plaintiff's request for process of maritime attachment and garnishment because it found that the conditions set forth in Rule B appeared to exist. Subsequently, the Second Circuit issued a decision holding that "EFTs [electronic fund transfers] are neither the property of the originator nor the beneficiary while briefly in the possession of an intermediary bank" and "cannot be subject to attachment under Rule B." *Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, Nos. 08-3477, 08-3758, 2009 WL 3319675, at *10–*11 (2d Cir. Oct. 16, 2009). This Court then ordered the plaintiff to show cause why, in light of *Jaldhi*, the original process of maritime attachment and garnishment should not be vacated and the case dismissed for lack of jurisdiction.

       On November 30, 2009, plaintiff filed a memorandum in response. In its brief, plaintiff argues that (a) *Jaldhi* should not be applied retroactively; (b) even if it is applied retroactively, it does not require vacatur of an attachment that was proper when made; (c) *Jaldhi* was incorrectly decided and should not be followed; (d) the Court should make an

exception in this case for equitable reasons; and (e) the funds already attached are no longer EFTs and thus not subject to *Jaldhi*.  All these contentions lack merit.

First, plaintiff asks the Court not to apply *Jaldhi* retroactively.  But the Second Circuit recently held just the opposite.  It explained that its decision in *Jaldhi* was jurisdictional, and, "by definition, a jurisdictional ruling may never be made prospective only."  *Hawknet, Ltd. v. Overseas Shipping Agencies*, 2009 WL 3790654, No. 09-2128, at *2 (2d Cir. Nov. 13, 2009) (citing *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379 (1981)).  In its brief, the plaintiff notes that the plaintiff-appellant in *Hawknet* has filed a petition for rehearing of that panel decision.  It asks that the Court at least reserve decision until the resolution of the petition.  But opinions are frequently appealed and reconsidered.  This is hardly a reason not to decide issues founded on established Circuit law—particularly in cases like this one, where the defendants' assets remain restrained without legal cause.

Second, the plaintiff contends that because attaching EFTs was proper under Second Circuit law at the time funds were attached in this case, *Jaldhi* does not now require vacatur.  It cites the grounds for vacatur enumerated in *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006), and relies on the fact that those factors were each met at the time funds were attached here.  This is just another version of the plaintiff's argument that *Jaldhi* does not apply retroactively, and it fails for the same reasons.  Because *Jaldhi* applies retroactively, plaintiff's attachment of EFTs did not satisfy the *Aqua Stoli* requirement that "the defendant's property may be found within the district," *id.*

Third, the plaintiff criticizes *Jaldhi* as wrongly decided and asks the Court not to follow it. Needless to say, the plaintiff cites no cases in support of that suggestion. This court is bound to follow Second Circuit law, whether it agrees with the law or not. *See Jorge v. Hart*, No. 97-1119, 1997 WL 531309, at *10 (S.D.N.Y. Aug. 28, 1997); *LeBlanc-Sternberg v. Fletcher*, 922 F. Supp. 959, 964 (S.D.N.Y. 1996).

Fourth, the plaintiff argues that, even if *Jaldhi* does apply retroactively—and *Hawknet* plainly says it does—this case presents equitable considerations that justify departure from that rule. Even if the Court were able to depart from *Hawknet* in exceptional circumstances, it is not convinced that this is such a case. The plaintiff does not explain what equitable considerations exist here that did not in *Hawknet*. Nor would it would eliminate inequities to apply *Jaldhi* only prospectively. That would be unfair to defendants like these, whose property would continue to be restrained even though the basis for restraining that property has been extinguished.

Fifth, plaintiff argues that, although the funds at issue here originally entered this district as EFTs, they did not remain EFTs. This is so, plaintiff claims, because standard banking practice after restraining funds was to deposit them into a segregated account in the district—after which they became just "funds," not EFTs. But as a number of decisions in this district have already said, that argument, clever though it may be, does not address plaintiff's central problem: under *Jaldhi*, the defendants never possessed attachable property in this district. And "[n]o alchemy by the bank transformed EFTs that cannot be attached into property of the defendant[s] that can be attached." *Argus Dev. Inc. v. Steelcore Trading Ltd.*, No. 09-6009, 2009 WL 4016626, at *1 (S.D.N.Y. Nov. 16, 2009) (JGK); *See Hansa Sonderburg Shipping Corp. v. Hull & Hatch Logistics*

*LLC*, No. 09-7164, slip op. at 1 (S.D.N.Y. Nov. 16, 2009) (LTS) ("Because the initial attachment was improper, the deposit of the funds into a segregated account, absent consent of the defendant, did not cure the problem addressed in [*Jaldhi*].).

The Court ordered the plaintiff to show cause why vacatur was unwarranted and why this action should not be dismissed for lack of jurisdiction. Plaintiff has been unable to do so on both counts. Accordingly, the order of maritime attachment is vacated and the action is dismissed without prejudice. The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: New York, New York
December 11, 2009

Richard J. Holwell
United States District Judge